## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1)**   **DEDRICK D. REED,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-CV-423-CVE-FHM |
| vs. | ) | |
| | ) | |
| **(1)**   **H & H ROAD BORING CO.,** | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

**COMES NOW** the Defendant, **H & H ROAD BORING COMPANY** (Defendant) by and through its attorney, Randall A. Gill, and pursuant to 28 U.S.C. §§1441 and 1446, hereby removes this action from the District Court of Rogers County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma. This action may be removed because this Court has a original jurisdiction pursuant to 28 U.S.C. §1331 and supplemental jurisdiction pursuant to 28 U.S.C. §1367. In support of removal, the Defendant would state as follows:

1.      On July 11, 2014, the Plaintiff, **DEDRICK D. REED** (Plaintiff) commenced an Amended Petition in the District Court of Rogers County, State of Oklahoma entitled *Detrick D. Reed vs. H & H Road Boring Company,* Case No. CJ-2014-157 (originally styled H & H Boring Co.) which alleges violations of 42 U.S.C. §200(e), *et seq.*, 42 U.S.C. §1981 (civil rights), Title 7 of the Civil Rights Act of 1964, and seeks damages under the United States Code for alleged racial discrimination, work environment retaliation, discrimination based on race which are pled as actions under the United States Code for all claims of relief. A copy of the Docket Sheet, all process, pleadings, papers and Order served in the State Court action are attached to this Notice of Removal

as Exhibits 1 through 5, as required by 28 U.S.C. §1446(a) and LCVR 81.2, except as otherwise stated in its Answer to be filed subsequent to removal, Defendants deny all substantive allegations.

2.      Plaintiff originally filed its action against H & H Boring Company of Guthrie, Oklahoma which is not one and the same entity as H & H Road Boring Company of Inola, Oklahoma. A Motion to Quash and/or Dismiss was filed H & H Road Boring Company as improper service and Defendant. The original Summons and Petition was against H & H Boring Company, Guthrie, Oklahoma, and not H & H Road Boring Company, Inola, Oklahoma.

3.      Thereafter, on July 11, 2014 rather than respond to the Motion to Dismiss and/or Quash, the Plaintiff elected to file his Amended Petition against H & H Road Boring Company (correct party and entity) and served Summons by certified mail on the correct entity with correct Summons known as H & H Road Boring Company. Service was made on July 16, 2014.  The Answer date will be August 5, 2014.

4.      Now that the proper entity has been identified and served, the Defendant seeks removal to this Court.

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446, because it is filed within 30 days of the date on which Defendant was served on July 16, 2014 with the Petition.

6.      This is a civil action over which this Court has original jurisdiction based on federal questions pursuant to 28 U.S.C. §1331 and supplemental jurisdiction pursuant to 28 U.S.C. §1367, because all claims raised by Plaintiff arise from the same matter or controversy.  As such, this matter may be removed to this Court under the provisions of 28 U.S.C. §1441(a).

7.      Plaintiff alleges that his employment with the Defendant was terminated as the result of discrimination based on race (Title 7), civil rights (42 U.S.C. §1981), hostile work environment

(Title 7), retaliation (Title 7) and intentional infliction of emotional distress based upon all of the above federally based theories of recovery under federal statues.

8.    Pursuant to the U. S. Code, Plaintiff's claims alleging his employment was effected by federal statutes creates a claim over which this Court has original jurisdiction. The case or controversy at issue for such a claim is based upon the alleged circumstances of Plaintiff's employment and alleged termination of that employment.

9.    The circumstances of Plaintiff's employment and termination are also the issue in Plaintiff's tort claim of intentional infliction of emotional distress, which alleges extreme and outrageous conduct to cause severe emotional and psychological damage all based upon the federal claims/statutes at issue.

10.    All the federal and state common law claims arise from Plaintiff's employment and the alleged termination of his employment, and as such this Court may exercise supplemental jurisdiction over Plaintiff's single state law claim arising out of purported violations of federal statutes pursuant to U.S.C. §1367.

11.    Venue is proper in this district pursuant to 28 U.S.C. §1441(a) because this district embraces Rogers County in which the removed action has been pending.

12.    The pleadings are attached hereto as Exhibit 1 through 5, and constitute all the process, pleadings, and Orders served upon the Defendants in this action to date.

13.    Defendant will promptly serve Plaintiff of this Notice of Removal and will promptly file a Notice of this removal with clerk of the District Court of Rogers County, State of Oklahoma, as required under 28 U.S.C. §1446(d).

**WHEREFORE**, premises considered, Defendant respectfully requests that the above action now pending in the District Court of Rogers County, State of Oklahoma entitled *Detrick D. Reed*

*vs. H & H Road Boring Company,* Case No. CJ-2014-157 be removed to the United States District

Court for the Northern District of Oklahoma.

Respectfully submitted,

_____

**RANDALL A. GILL**, OBA #10309
2512 East 21st Street
Tulsa, Oklahoma 74114-1706
(918) 747-1958
(918) 747-1108 fax

## CERTIFICATE OF SERVICE

This is to certify on the date listed below that a true and correct copy of the above and foregoing document was:

7/24/13          Mailed with postage prepaid thereon;

_____          Faxed;

_____          Hand Delivered

to the following person(s):

Daniel E. Smolen
SMOLEN & SMOLEN, PLLC
701 South Cincinnati Avenue
Tulsa, Oklahoma 74119

_____

Randall A. Gill

# OSCN
## THE OKLAHOMA STATE COURTS NETWORK
*www.oscn.net*

Home    Courts    Court Dockets    Legal Research    Calendar    Help

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR ROGERS COUNTY, OKLAHOMA

| | |
|---|---|
| Dedrick D. Reed<br><br>vs.<br><br>(1) H & H Boring co., a domestic<br>for profit business corporation | No. CJ-2014-157<br>(Civil relief more than $10,000:<br>DISCRIMINATION)<br><br>Filed: 04/15/2014<br><br>Judge: Post, Dynda R. |

## Parties

H & H Boring Company , Defendant
Reed, Dedrick , Plaintiff

## Attorneys

**Attorney**                                          **Represented Parties**
Gill, Randall A.(Bar # 10309)                         H & H Boring Company,
Gill Law Firm
2512 E 21st Street
Tulsa, OK 74114

Smolen, Daniel E(Bar # 19943)                         Reed, Dedrick
Smolen & Smolen
701 S. Cincinnati Ave.
Tulsa, OK 74119

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**                    Issue: DISCRIMINATION (DISCRIM)
                                  Filed by: Reed, Dedrick
                                  Filed Date: 04/15/2014
**Party Name:**                   **Disposition Information:**

                                  Pending.

# Exhibit 1

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|------|------|-------|-------|----------|------------|---|---|
| 04-15-2014 | TEXT | 1 | | 6053191 | Apr 15 2014 2:35:14:447PM | - | $ 0.00 |

CIVIL RELIEF MORE THAN $10,000 INITIAL FILING.
📄 *Document Available at Court Clerk's Office*

| 04-15-2014 | DISCRIM | - | | 6053193 | Apr 15 2014 2:02:14:937PM | Realized | $ 0.00 |

DISCRIMINATION

| 04-15-2014 | DMFE | - | | 6053194 | Apr 15 2014 2:02:14:957PM | Realized | $ 2.00 |

DISPUTE MEDIATION FEE($ 2.00)

| 04-15-2014 | PFE1 | - | | 6053195 | Apr 15 2014 2:34:45:857PM | Realized | $ 163.00 |

PETITION($ 163.00)
📄 *Document Available (#1024961394)*

| 04-15-2014 | PFE7 | - | | 6053196 | Apr 15 2014 2:02:14:957PM | Realized | $ 6.00 |

LAW LIBRARY FEE($ 6.00)

| 04-15-2014 | OCISR | - | | 6053197 | Apr 15 2014 2:02:14:957PM | Realized | $ 25.00 |

OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00)

| 04-15-2014 | CCADMIN02 | - | | 6053198 | Apr 15 2014 2:02:14:957PM | Realized | $ 0.20 |

COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20)

| 04-15-2014 | OCJC | - | | 6053199 | Apr 15 2014 2:02:14:957PM | Realized | $ 2.00 |

OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00)

| 04-15-2014 | OCASA | - | | 6053200 | Apr 15 2014 2:02:14:957PM | Realized | $ 5.00 |

OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00)

| 04-15-2014 | CCADMIN04 | - | | 6053201 | Apr 15 2014 2:02:14:957PM | Realized | $ 0.50 |

COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50)

| 04-15-2014 | LTF | - | | 6053202 | Apr 15 2014 2:02:15:057PM | Realized | $ 10.00 |

LENGTHY TRIAL FUND($ 10.00)

| 04-15-2014 | SMF | - | | 6053203 | Apr 15 2014 2:02:15:107PM | Realized | $ 5.00 |

SUMMONS FEE (CLERKS FEE)($ 5.00)

| 04-15-2014 | TEXT | - | | 6053192 | Apr 15 2014 2:02:14:887PM | - | $ 0.00 |

OCIS HAS AUTOMATICALLY ASSIGNED JUDGE POST, DYNDA R. TO THIS CASE.

| 04-15-2014 | ACCOUNT | - | | 6053209 | Apr 15 2014 2:05:15:647PM | - | $ 0.00 |

RECEIPT # 2014-425090 ON 04/15/2014.
PAYOR:SMOLEN & SMOLEN, PLLC TOTAL AMOUNT PAID: $218.70.

LINE ITEMS:
CJ-2014-157: $168.00 ON AC01 CLERK FEES.
CJ-2014-157: $6.00 ON AC23 LAW LIBRARY FEE.
CJ-2014-157: $0.70 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2014-157: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2014-157: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2014-157: $2.00 ON AC64 DISPUTE MEDIATION FEES.
CJ-2014-157: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2014-157: $10.00 ON AC81 LENGTHY TRIAL FUND.

| 05-21-2014 | SMS | - | 6103620 | May 22 2014 8:37:11:233AM | - | $ 0.00 |

SUMMONS RETURNED, SERVED: H & H BORING CO BY CERTIFED MAIL
*Document Available (#1025789914)*

| 06-03-2014 | EAA | - | 6118801 | Jun 3 2014 11:50:44:973AM | - | $ 0.00 |

ENTRY OF APPEARANCE AND RESERVATION OF TIME IN WHICH TO FURTHER ANSWER OR PLEAD
*Document Available (#1026041222)*

| 06-23-2014 | MO | - | 6143663 | Jun 23 2014 1:56:35:317PM | - | $ 0.00 |

MOTION TO QUASH AND/OR DISMISS
*Document Available (#1026359623)*

| 07-11-2014 | SMF | - | 6166820 | Jul 11 2014 9:10:18:547AM | Realized | $ 5.00 |

SUMMONS FEE (CLERKS FEE)($ 5.00)

| 07-11-2014 | AM | - | 6167147 | Jul 11 2014 2:42:23:507PM | - | $ 0.00 |

AMENDED PETITION
*Document Available (#1026559177)*

| 07-11-2014 | ACCOUNT | - | 6166821 | Jul 11 2014 9:10:46:107AM | - | $ 0.00 |

RECEIPT # 2014-433366 ON 07/11/2014.
PAYOR:SMOLEN AND SMOLEN PLLC TOTAL AMOUNT PAID: $5.00.
LINE ITEMS:
CJ-2014-157: $5.00 ON AC01 CLERK FEES.

| 07-21-2014 | SMS | - | 6178732 | Jul 21 2014 4:14:22:190PM | - | $ 0.00 |

SUMMONS RETURNED, SERVED: H&H ROAD BORING CO. ON 7/16/14 THROUGH CERTIFIED MAIL.
*Document Available (#1026648824)*

Report Generated by The Oklahoma Court Information System at July 23, 2014 11:54 AM

End of Transmission.

H&H Road Boring                                          918-543-3766                        p.5



IN THE DISTRICT COURT IN AND FOR ROGERS COUNTY
STATE OF OKLAHOMA

DEDRICK D. REED,                    )
                                    )
                                    )
            Plaintiff,              )
                                    )       CASE NO. CJ-2014-157
vs.                                 )
                                    )
(1) H & H ROAD BORING CO.,          )       ATTORNEY LIEN CLAIMED
                                    )
                                    )
            Defendant.              )
                                    )

## AMENDED PETITION

COMES NOW the Plaintiff, Dedrick Reed, through his attorneys of record, Daniel E. Smolen and Lauren G. Lambright, and brings this action against the Defendant, H & H Boring Co., for violations of his constitutionally protected rights arising out of his employment and termination by said Defendant.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is a resident of Tulsa County.

2.      Defendant is a corporation regularly doing business in Rogers County, Oklahoma.

3.      The incidents and occurrences which form the basis of Plaintiff's action occurred in Rogers County.

4.      This Court has jurisdiction and venue is proper in Rogers County.

5.      Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC"). A Notice of Right to Sue was received by each Plaintiff on or about January 16, 2014, and this Petition has been

Exhibit 2

filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, Plaintiff has complied fully with all prerequisites in this Court under Title VII.

6.      Actual and compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981.

7.      Punitive damages are sought pursuant to 42 U.S.C. § 1981.

8.      Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq*

### FACTS COMMON TO ALL CLAIMS

9.      Plaintiff is an African-American male.

10.      Plaintiff was an employee of Defendant until his termination on or about January 28, 2013. Plaintiff was employed as a Crew Worker and Driver.

11.      Upon his hire, Plaintiff was the only African American employee of the company. During his employment, he was subjected to disparate treatment on the basis of his race. Specifically, Plaintiff endured racial slurs, unequal terms and conditions of employment, and a hostile work environment in comparison to his Caucasian coworkers. Furthermore, when Plaintiff questioned this treatment and complained about it to his supervisor, he suffered retaliation at the hands of Defendant.

12.      Specifically, one employee, "Zake," constantly called Plaintiff a "nigga" and also called him "Obama." Additionally, the owner, Mr. Gerald Hail, told Plaintiff to run at Hail's son's request because this was something Hail's son enjoyed watching. Even though Plaintiff complained to the owner, Gerald Hail, Defendant did nothing to address the derogatory language and hostile environment. The hostile

environment was severe and pervasive and made it difficult for Plaintiff to continue working.

13.    In addition to the racial slurs Plaintiff endured, he was also treated differently. Specifically, Defendant informed Plaintiff that he would not receive insurance because the "Obama Health Plan" was too expensive. Yet no other similarly situated Caucasian employee was denied insurance on this basis. Plaintiff was treated worse than his Caucasian co-workers because of his race.

14.    Defendant also lowered Plaintiff's pay by two dollars an hour without any warning or any deficient work performance on Plaintiff's part. Defendant also singled out Plaintiff as the only employee to be paid "under the table." No other Caucasian co-worker was treated this way and Defendant lowered Plaintiff's pay and paid him "under the table" because of Plaintiff's race.

15.    When Plaintiff attempted to voice his concerns about the disparate treatment and rectify the situation, the Defendant retaliated against and fired him on January 28, 2013. Plaintiff's termination was a culmination of the racially hostile work environment, based upon his race and was in retaliation for Plaintiff reporting the race discrimination and hostile work environment he was experiencing.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE (TITLE VII)

16.    Plaintiff incorporates as if realleged the preceding paragraphs.

17.    By terminating the Plaintiff and treating him differently than similarly situated Caucasian employees, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives at Joe Cooper Ford;

d. His attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1981

18.    Plaintiff incorporates as if realleged the preceding paragraphs.

19.    By terminating the Plaintiff and treating him different than similarly situated Caucasian employees, the Defendant has violated 42 U.S.C. § 1981.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives at Joe Cooper Ford;

d. His attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## HOSTILE WORK ENVIRONMENT (TITLE VII)

20.    Plaintiff incorporates as if realleged the preceding paragraphs.

21.    The conduct and attitude of Plaintiff's supervisors and coworkers toward Plaintiff combined with their disparaging remarks regarding Plaintiff's race were so

4

severe and pervasive that they altered the conditions of employment and created a hostile working environment.

22.     By subjecting Plaintiff to a hostile work environment based upon race and failing to ensure a non-hostile work environment, and ultimately terminating the Plaintiff's employment, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives at Joe Cooper Ford;
d. His attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF
## RETALIATION (TITLE VII)

23.     Plaintiff incorporates as if realleged the preceding paragraphs.

24.     Plaintiff complained about the disparity in treatment and hostile work environment based upon his race.

25.     By terminating Plaintiff's employment in retaliation for his complaints regarding the unfair treatment and hostile work environment, Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a).

WHERFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives at Joe Cooper Ford;

d. His attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

### FIFTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26.     Plaintiff incorporates as if realleged the preceding paragraphs.

27.     The Defendant's actions of intentional and malicious discrimination and retaliation are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

28.     The Defendant intentionally or recklessly caused severe emotional distress to Plaintiff beyond which a reasonable person could be expected to endure.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives at Joe Cooper Ford;

d. His attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable

Respectfully submitted,

Daniel E. Smolen, OBA# 19943
SMOLEN & SMOLEN, P.L.L.C.
701 S. Cincinnati Ave.,
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
Attorneys for Plaintiff

7

H&H Road Boring                                918-543-3766                      p.3

## IN THE DISTRICT COURT IN AND FOR ROGERS COUNTY
## STATE OF OKLAHOMA

DEDRICK D. REED,                          )
                                          )
                                          )
            Plaintiff,                    )
                                          )        CASE NO. CJ-2014-157
vs.                                       )
                                          )
(1) H & H ROAD BORING CO.,                )        ATTORNEY LIEN CLAIMED
                                          )
                                          )
            Defendant.                    )
                                          )

### ORIGINAL SUMMONS

## SERVE  BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED

   H & H Road Boring Co.
   c/o Gerald Hail
   14157 East 580 Road
   Inola, OK  74036

To the above-named Defendant(s)

   You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service.  Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.  Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

   Issued this ___11___ day of ___July___, 2014

                                          Kim Henry, Court Clerk
                                          County Court Clerk

                              By   _Alex Sappington_
                                   Deputy Court Clerk

(Seal)
      This summons and order was served on

                                   _____
                                   (Signature of person serving summons)

   YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.
                    **Return ORIGINAL for filing.**

## Exhibit 3

H&H Road Boring                                                 918-543-3766                    p.4

## PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of _____, 2014, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2014, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2014. I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2014.
                                                          By:
                                                          Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

                                                          Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of _____, 2014.
My Commission Expires: _____
                 Seal                                     Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2014, and receipt thereof on the dates shown:

| Defendant Receipted | Address Where Served | Date |
|---|---|---|

                                                          Signature of person mailing summons

H&H Road Boring                                         918-543-3766                    p.11

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2014, and receipt thereof on the dates shown:

Defendant                    Address Where Served                    Date
Receipted

Signature of person mailing summons

4/29/14 11:10 AM

# H & H BORING COMPANY

Details

| | |
|---|---|
| Filing Number: | 1900285683 |
| Name Type: | Legal Name |
| Status: | In Existence |
| Corp type: | Domestic For Profit Business Corporation |
| Jurisdiction: | Oklahoma |
| Formation Date: | 19 Aug 1975 |

Registered Agent Information

| | |
|---|---|
| Name: | ELLEN L. HILL |
| Effective: | N/A |
| Address: | RT.5 BOX 646 |
| City, State , ZipCode: | GUTHRIE   OK |

H&H Road Boring                                          918-543-3766                              p.10

**IN THE DISTRICT COURT IN AND FOR ROGERS COUNTY**
**STATE OF OKLAHOMA**

DEDRICK D. REED,                          )
                                          )
                                          )
            Plaintiff,                    )
                                          )        CASE NO. CJ-2014-157
vs.                                       )
                                          )
(1) H & H BORING CO., a domestic          )        ATTORNEY LIEN CLAIMED
for profit business corporation           )
                                          )
            Defendant.                    )
                                          )

<u>ORIGINAL SUMMONS</u>

**SERVE  BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

        H & H Boring Co.
        c/o Ellen L. Hill
        Rt. 5 Box 646
        Guthrie, OK  73044

To the above-named Defendant(s)

        You have been sued by the above named plaintiff(s), and you are directed to file a written
answer to the attached petition and order in the court at the above address within twenty (20) days
after service of this summons upon you exclusive of the day of service.  Within the same time, a
copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer
the petition within the time stated judgment will be rendered against you with costs of the action.

        Issued this _15th_ day of _April_, 2014.

                                        Kim Henry
                                        County Court Clerk

                                By      _Patrick Davis_
                                        Deputy Court Clerk

(Seal)

        This summons and order was served on

                                        _____
                                        (Signature of person serving summons)

        YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER
CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE
CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE
TIME LIMIT STATED IN THIS SUMMONS.
                **Return ORIGINAL for filing.**

_____, I served _____ by leaving a copy of said summons
with a copy of the attached Petition at _____,
which is his/her dwelling house or usual place of abode, with
_____, a person then residing therein, who is fifteen (15) years of
age or older.
                        **NOT FOUND**
        Received this Summons this _____ day of _____, 2014.  I certify that the following
persons of the defendant within named not found in said County:

                        **FEES**
Fee for service $_____, Mileage $_____,
Total $_____
        Dated this _____ day of _____, 2014.
                                By:
                                        Sheriff of _____ County,

Exhibit 4

5708. 92:
Closed

IN THE DISTRICT COURT IN AND FOR ROGERS COUNTY
STATE OF OKLAHOMA

DEDRICK D. REED,                          )
                                          )
                    Plaintiff,            )
                                          )        Case No. CJ-2014-157
vs.                                       )
                                          )                    FILED IN THE DISTRICT COURT
                                          )                    ROGERS COUNTY OKLAHOMA
H & H BORING CO., a domestic              )
for profit business corporation,         )                         JUN 23 2014
                                          )
                    Defendant.            )                    KIM HENRY, COURT CLERK

### MOTION TO QUASH AND/OR DISMISS

COMES NOW H & H ROAD BORING COMPANY, LLC and moves this Court
pursuant to 12 O. S. §2012(B)(2)(4)(5) to dismiss the Petition against third party, H & H Road
Boring Company, LLC.  In support, H & H Road Boring Company LLC would show the Court as
follows:

1.      Plaintiff, Dedrick D. Reed, filed his claim against H & H Boring Company, a domestic
for profit corporation.

2.      The Summons served on H & H Road Boring Company was addressed to H & H
Boring Company c/o Ellen L. Hill, Route 5, Box 646, Guthrie, Oklahoma 73044. Attached as Exhibit
1 is a copy of the Petition and attached as Exhibit 2 is a copy of the Summons.

3.      The Summons of H & H Boring Company was served on H & H Road Boring
Company, LLC at 14157 East 580 Road, Inola, Oklahoma 74036.  H & H Boring Company, the
Defendant sued in this action, is not one and the same as H & H Road Boring Company, LLC. They
are two separate unrelated entities.

Exhibit 5

4.      The Plaintiff has sued the wrong entity and served H & H Road Boring Company, LLC with an improper Summons identifying another entity in Guthrie, OK.   The original Summons was issued to H & H Boring Company, c/o Ellen L. Hill.

5.      Service of a Summons upon H & H Boring Company cannot effectuate service on H & H Road Boring Company, LLC.

6.      The Petition should be quashed against H & H Road Boring Company for insufficient and improper service upon a non-named Defendant in the legal action and the Petition dismissed.

7.      Attached as Exhibit 3 is an Affidavit of Gerald Hail, Manager of H & H Road Boring Company, LLC in support of this motion.

8.      H & H Road Boring Company, LLC is not an actual named party to the action as plead by Dedrick D Reed.   The only entity sued is H & H Boring Company of Route 5, Box 646, Guthrie, Oklahoma as shown on the Summons.  It was the intent of the Plaintiff in the issuance of the original Summons to apparently sue H & H Boring Company at the Guthrie address.

9.      H & H Road Boring Company, LLC is not an actual party to this action and service of process upon H & H Road Boring Company, LLC is improper and should be quashed by this Court as improper service upon a non-party to the lawsuit.

**WHEREFORE**, premises considered, H & H Road Boring Company, LLC requests that this Court quash the service of summons and dismiss the Petition of the Plaintiff against H & H Road Boring Company, LLC who is not a named party in this action, nor has it been properly served with Summons in this matter,  and for such other and further relief that the Court deems just and proper in the premises.

**RANDALL A. GILL**, OBA #10309
2512 East 21st Street
Tulsa, Oklahoma 74114-1706
(918) 747-1958
(918) 747-1108 fax

## CERTIFICATE OF MAILING

      This is to certify on the date listed below that a true and correct copy of the above and foregoing document was:

6/20/14     Mailed with postage prepaid thereon;

_____     Faxed;

_____     Hand Delivered

to the following person(s):

Daniel E. Smolen
SMOLEN & SMOLEN, PLLC
701 South Cincinnati Avenue
Tulsa, OK 74119

Randall A. Gill

Smolen Smolen Roytman
ATTORNEYS AT LAW
701 S. Cincinnati Ave. Tulsa, OK 74119
www.ssrok.com

7013 2630 0001 9813 8419

UNITED STATES POSTAGE
PITNEY BOWES
$006.690
02 1P
0001040369  APR 22 2014
MAILED FROM ZIP CODE 74119

UTF

NAME _____
1st Notice _____
2nd Notice _____
Return _____

H&H Boring Company
c/o Ellen L Hill
Rt. 5 Box 646
Guthrie, OK 73044
04/26/14

NIXIE    731  DE 1  1669          *2837-61255-22-45

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 741191613Q1    *2837-61255-22-45

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

H&H Boring Company
c/o Ellen L. Hill
Rt. 5 Box 646
Guthrie, OK 73044

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    □ Agent
                                     □ Addressee
B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.
4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Transfer from service label)
   7013 2630 0001 9813 8419

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

RECEIVED
APR 2 8 2014
BY: _____

IN THE DISTRICT COURT IN AND FOR ROGERS COUNTY
STATE OF OKLAHOMA

FILED IN THE DISTRICT COURT
ROGERS COUNTY OKLAHOMA

APR 15 2014

DEDRICK D. REED,                    )
                                    )
                                    )          KIM HENRY, COURT CLERK
        Plaintiff,                  )
                                    )       CASE NO. CJ-2014-157
vs.                                 )
                                    )
(1) H & H BORING CO., a domestic    )       ATTORNEY LIEN CLAIMED
for profit business corporation     )
                                    )
        Defendant.                  )
                                    )

## PETITION

COMES NOW the Plaintiff, Dedrick Reed, through his attorneys of record, Daniel E. Smolen and Lauren G. Lambright, and brings this action against the Defendant, H & H Boring Co., for violations of his constitutionally protected rights arising out of his employment and termination by said Defendant.

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff is a resident of Tulsa County.

2.    Defendant is a corporation regularly doing business in Rogers County, Oklahoma.

3.    The incidents and occurrences which form the basis of Plaintiff's action occurred in Rogers County.

4.    This Court has jurisdiction and venue is proper in Rogers County.

5.    Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC"). A Notice of Right to Sue was received by each Plaintiff on or about January 16, 2014, and this Petition has been

Exhibit 1

filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, Plaintiff has complied fully with all prerequisites in this Court under Title VII.

6.      Actual and compensatory damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981.

7.      Punitive damages are sought pursuant to 42 U.S.C. § 1981.

8.      Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq*

## FACTS COMMON TO ALL CLAIMS

9.      Plaintiff is an African-American male.

10.     Plaintiff was an employee of Defendant until his termination on or about January 28, 2013. Plaintiff was employed as a Crew Worker and Driver.

11.     Upon his hire, Plaintiff was the only African American employee of the company. During his employment, he was subjected to disparate treatment on the basis of his race. Specifically, Plaintiff endured racial slurs, unequal terms and conditions of employment, and a hostile work environment in comparison to his Caucasian coworkers. Furthermore, when Plaintiff questioned this treatment and complained about it to his supervisor, he suffered retaliation at the hands of Defendant.

12.     Specifically, one employee, "Zake," constantly called Plaintiff a "nigga" and also called him "Obama." Additionally, the owner, Mr. Gerald Hail, told Plaintiff to run at Hail's son's request because this was something Hail's son enjoyed watching. Even though Plaintiff complained to the owner, Gerald Hail, Defendant did nothing to address the derogatory language and hostile environment. The hostile

environment was severe and pervasive and made it difficult for Plaintiff to continue working.

13.     In addition to the racial slurs Plaintiff endured, he was also treated differently. Specifically, Defendant informed Plaintiff that he would not receive insurance because the "Obama Health Plan" was too expensive. Yet no other similarly situated Caucasian employee was denied insurance on this basis. Plaintiff was treated worse than his Caucasian co-workers because of his race.

14.     Defendant also lowered Plaintiff's pay by two dollars an hour without any warning or any deficient work performance on Plaintiff's part. Defendant also singled out Plaintiff as the only employee to be paid "under the table." No other Caucasian co-worker was treated this way and Defendant lowered Plaintiff's pay and paid him "under the table" because of Plaintiff's race.

15.     When Plaintiff attempted to voice his concerns about the disparate treatment and rectify the situation, the Defendant retaliated against and fired him on January 28, 2013. Plaintiff's termination was a culmination of the racially hostile work environment, based upon his race and was in retaliation for Plaintiff reporting the race discrimination and hostile work environment he was experiencing.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE (TITLE VII)

16.     Plaintiff incorporates as if realleged the preceding paragraphs.

17.     By terminating the Plaintiff and treating him differently than similarly situated Caucasian employees, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives at Joe Cooper Ford;

d. His attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1981

18.     Plaintiff incorporates as if realleged the preceding paragraphs.

19.     By terminating the Plaintiff and treating him different than similarly situated Caucasian employees, the Defendant has violated 42 U.S.C. § 1981.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives at Joe Cooper Ford;

d. His attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## HOSTILE WORK ENVIRONMENT (TITLE VII)

20.     Plaintiff incorporates as if realleged the preceding paragraphs.

21.     The conduct and attitude of Plaintiff's supervisors and coworkers toward Plaintiff combined with their disparaging remarks regarding Plaintiff's race were so

4

severe and pervasive that they altered the conditions of employment and created a hostile working environment.

22.    By subjecting Plaintiff to a hostile work environment based upon race and failing to ensure a non-hostile work environment, and ultimately terminating the Plaintiff's employment, the Defendant has violated Title VII of the Civil Rights Act of 1964.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

   a. Back pay and lost benefits; front pay until normal retirement

   b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

   c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives at Joe Cooper Ford;

   d. His attorney fees and the costs and expenses of this action;

   e. Such other relief as the Court deems just and equitable.

### FOURTH CLAIM FOR RELIEF
### RETALIATION (TITLE VII)

23.    Plaintiff incorporates as if realleged the preceding paragraphs.

24.    Plaintiff complained about the disparity in treatment and hostile work environment based upon his race.

25.    By terminating Plaintiff's employment in retaliation for his complaints regarding the unfair treatment and hostile work environment, Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a).

WHERFORE, Plaintiff prays for judgment against the Defendant for:

   a. Back pay and lost benefits; front pay until normal retirement

   b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives at Joe Cooper Ford;

d. His attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

## FIFTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26.     Plaintiff incorporates as if realleged the preceding paragraphs.

27.     The Defendant's actions of intentional and malicious discrimination and retaliation are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

28.     The Defendant intentionally or recklessly caused severe emotional distress to Plaintiff beyond which a reasonable person could be expected to endure.

WHERFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement

b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by the management and executives at Joe Cooper Ford;

d. His attorney fees and the costs and expenses of this action;

e. Such other relief as the Court deems just and equitable.

Respectfully submitted,

Daniel E. Smolen, OBA# 19943
SMOLEN & SMOLEN, P.L.L.C.
701 S. Cincinnati Ave.,
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
Attorneys for Plaintiff

### IN THE DISTRICT COURT IN AND FOR ROGERS COUNTY
### STATE OF OKLAHOMA

DEDRICK D. REED,                          )
                                          )
    Plaintiff,                         )
                                          )    CASE NO. CJ-2014-157
vs.                                       )
                                          )
(1) H & H BORING CO., a domestic          )    ATTORNEY LIEN CLAIMED
for profit business corporation           )
                                          )
    Defendant.                         )
                                          )

#### ORIGINAL SUMMONS

#### SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED

H & H Boring Co.
c/o Ellen L. Hill
Rt. 5 Box 646
Guthrie, OK  73044

To the above-named Defendant(s)

    You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service.  Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.  Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this _15th_ day of _April_, 2014.

                    Kim Henry
                    County Court Clerk

            By _____
                    Deputy Court Clerk

(Seal)

This summons and order was served on

                _____
                (Signature of person serving summons)

    YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.
           **Return ORIGINAL for filing.**

_____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

#### NOT FOUND

    Received this Summons this _____ day of _____, 2014.  I certify that the following persons of the defendant within named not found in said County:

#### FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2014.
                By:
                Sheriff of _____ County.

## Exhibit 2

IN THE DISTRICT COURT IN AND FOR ROGERS COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| **DEDRICK D. REED,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. CJ-2014-157 |
| vs. | ) | |
| | ) | |
| **H & H BORING CO.,** a domestic | ) | |
| for profit business corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT OF GERALD HAIL

**GERALD HAIL**, being first duly sworn upon oath states as follows:

1.       H & H Road Boring Company, LLC is not related, nor do I have any knowledge of H & H & Boring Company.  H & H Boring Company which apparently operates out of Guthrie, Oklahoma.  I have no contact affiliation or association with H & H Boring Company.

2.       The original Summons delivered to H & H Road Boring Company, LLC was addressed to H & H Boring Company c/o Ellen L. Hill, Route 5, Box 646, Guthrie, OK 74346.  The lawsuit is filed against H & H Boring Company, not H & H <u>Road</u> Boring Company, <u>LLC</u>.

3.       H & H Road Boring Company, LLC is located at 14157 East 580 Road, Inola, OK 74036.

4.       I am the manager of the LLC known as H & H Road Boring Company, LLC.

5.       I have no affiliation, ownership or control of H & H Boring Company in Guthrie, OK.

6.       Affiant further sayeth not.

**GERALD HAIL**

**SUBSCRIBED AND SWORN** to before me, the undersigned Notary Public this _20th_ day of _____June_____, 2014.

MARY WALTER
Notary Public
State of Oklahoma
Commission # 03008165 Expires 07/09/15

## Exhibit 3