# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEDRICK D. REED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 14-CV-0423-CVE-FHM |
| ) | |
| **H & H ROAD BORING COMPANY, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion for Partial Summary Judgment on Plaintiff's Title VII Claims (Dkt. # 13). Defendant H & H Road Boring Company, LLC (H & H) argues that plaintiff failed to file suit against H & H within 90 days of receiving a right to sue letter and that it does not employee at least 15 employees, and H & H seeks summary judgment on plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII).

On April 15, 2014, plaintiff Dedrick D. Reed filed this case in Rogers County District Court alleging that his employer discriminated against him on the basis of his race. Plaintiff claims that he endured "racial slurs, unequal terms and conditions of employment, and a hostile work environment," and he also claims that his employer retaliated against him when he complained about the alleged disparate treatment. Dkt. # 2, at 25. In his original petition (Dkt. # 2, at 24-29), plaintiff named H & H Boring Co. as the defendant. Plaintiff alleged claims of racial discrimination, hostile work environment, and retaliation under Title VII (first, third, and fourth claims for relief), and he also alleged a racial discrimination claim under 42 U.S.C. § 1981 (second claim for relief). As a non-named party, H & H filed a motion to dismiss on the ground that H & H Boring Co. was not plaintiff's employer. Dkt. # 2, at 20-22. Instead of responding to the motion to dismiss, plaintiff

filed an amended petition (Dkt. # 2, at 8-14) naming H & H as the defendant and deleting H & H Boring Co. as a party. Plaintiff alleged the same claims as in the original petition. H & H removed the case to this Court on the basis of federal question jurisdiction. H & H has submitted the affidavit of Gerald Hail, the manager of H & H, who states that H & H has never had as many as 15 employees and it averages about five to seven employees at most times. Dkt. # 13, at 6.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court

2

is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

H & H argues that plaintiff failed to bring suit against it within 90 days of receiving a right to sue letter, and it asks the Court to dismiss plaintiff's claims under Title VII. H & H has also submitted the affidavit of Hail, the manager of H & H, who states that H & H maintains an average of five to seven employees at all times. Dkt. # 13. H & H argues that it does not meet the definition of an employer under Title VII, because it does have at least 15 employees. Under 42 U.S.C. § 2000e(b), the term "'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." A plaintiff bears the burden to show that the named defendant in a Title VII case qualifies as an employer subject to regulation under Title VII. Brackens. v. Best Cabs, Inc., 146 F. App'x 242 (10th Cir. July 28, 2005).[1] Plaintiff concedes that H & H does not have at least 15 employees and that it is not an employer under Title VII. Dkt. # 17, at 6. The Court finds that H & H is not an employer for the purpose of Title VII, and judgment should be entered in favor of H & H on plaintiff's Title VII claims.[2]

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

[2] The Court declines to enter a partial final judgment under Fed. R. Civ. P. 54(b), because the parties will suffer no undue hardship if judgment on these claims is delayed until the final resolution of this case and it is unlikely that any party will immediately seek to appeal the Court's ruling. See Oklahoma Turnpike Auth. v. Bruner, 259 F.3d 1236, 1241 (10th Cir. 2001).

**IT IS THEREFORE ORDERED** that defendant's Motion for Partial Summary Judgment on Plaintiff's Title VII Claims (Dkt. # 13) is **granted**, and judgment is entered in favor of H & H on plaintiff's first, third, and fourth claims for relief. Final judgment will be entered following disposition of all of plaintiff's claims.

**DATED** this 23rd day of October, 2014.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE